**O'BRIEN, BELLAND & BUSHINSKY, LLC**
The Executive Plaza
2111 New Road, Suite 101
Northfield, NJ 08225
(609) 677-7930
BY: Mark E. Belland, Esquire
Mitchell S. Moskovitz, Esquire
Attorneys for Plaintiffs

| | |
|---|---|
| CEMENT MASONS AREA 699 HEALTH & WELFARE, PENSION AND ANNUITY FUNDS, and RONALD PANNA and JOSEPH CAUCCI as Trustees and Fiduciaries of CEMENT MASONS AREA 699 HEALTH & WELFARE, PENSION AND ANNUITY FUNDS<br>20 Brace Road<br>Cherry Hill, NJ 08034<br><br>Plaintiffs,<br><br>v.<br><br>LANDISVILLE DEVELOPMENT COMPANY, INC., and PATRICIA SEIDEL McKEEVER<br>314 N.E. Boulevard, Landisville, NJ 08326<br><br>and<br><br>SAMBE CONSTRUCTION CO., INC.,<br>38 Haddonfield Road, Cherry Hill, NJ 08002,<br><br>and<br><br>E.P. GUIDI, INC.,<br>1301 Bethlehem Pike, Ambler, PA 19002<br><br>and<br><br>RAY PALMIERI,<br>Morris Avenue, Landisville, NJ 08326<br><br>Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br>CAMDEN VICINAGE<br><br>CIVIL ACTION NO. 04-3816 (SSB)<br><br>**AMENDED COMPLAINT** |

JURISDICTION AND VENUE

1. This action is brought pursuant to Section 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132 and §1145 respectively, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, the common law of ERISA and the common law of the State of New Jersey.

2. Jurisdiction and venue are expressly vested in this Court by Section 502 of ERISA, 29 U.S.C. §1132, as well as Section 301 of the LMRA, 29 U.S.C. §185. This Court has a supplemental jurisdiction claim arising under the common law of the State of New Jersey pursuant to 28 U.S.C. 1367(a).

PARTIES

3. Plaintiffs, Cement Masons Area 699 Fringe Benefit Funds (the "Funds") are "employee benefit plans" as defined in Section 3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A).

4. The Funds are authorized to sue in their own names by Section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

5. Ronald Panna and Joseph Caucci are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

6. The principal place of business of the plaintiff Funds is 20 Brace Road, Cherry Hill, NJ 08034.

7. Defendants Landisville Development Company, Inc., Patricia Seidel McKeever, Sambe Construction Co., Inc. and E.P. Guidi, Inc., Ray Palmieri are collectively referred to as "defendants" or "employers" and "parties in interest" as defined in 29 U.S.C. §1002(5) and (14) respectively.

8. Defendants Landisville Development Company, Inc. and Patricia Seidel McKeever are doing business at 314 N.E. Boulevard, Landisville, NJ 08326.

9. Defendant Sambe Construction Co., Inc. is doing business at 38 Haddonfield Road, Cherry Hill, NJ 08002.

10. Defendant E.P. Guidi, Inc. is doing business at 1301 Bethlehem Pike, Ambler,

PA, 19002. E.P. Guidi, Inc. conducts business in this judicial district.

11. Defendant Ray Palmieri is doing business at Morris Avenue, Landisville, NJ 08326.

COUNT ONE

12. The Collective Bargaining Agreement in effect between defendant Landisville Development Company, Inc. and Cement Masons Local 699 (merged with Cement Masons Local 592) requires that certain contributions be made to the plaintiff Funds on behalf of the employees of the defendant Landisville Development Company, Inc..

13. Defendant Landisville Development Company, Inc. has failed to remit required contributions to the plaintiff Funds for the period from January, 2000 to the present.

14. Payment of delinquencies has been demanded by the plaintiffs on several occasions and the defendants have refused to remit the required contributions.

15. The failure of defendants to pay required contributions constitutes a prohibited transaction as described in 29 U.S.C. §1106(a)(1)(B).

16. Failure to pay the delinquencies is violative of 29 U.S.C. §1145.

17. This action is brought by the Funds pursuant to §502(g)(2) and §505 of ERISA, 29 U.S.C. §§1132(g)(2) and 1145 pursuant to which the Court is directed to award all unpaid contributions, interest, liquidated damages up to or exceeding 20 percent, reasonable attorneys' fees, court costs and any other fees or relief as the Court deems appropriate.

18. A copy of this Complaint will be served upon the Secretary of Labor and the Secretary of Treasury by certified mail as required by ERISA, 29 U.S.C. §1132(h).

WHEREFORE, the plaintiff funds respectfully request the following relief:

(A) Order defendant Landisville Development Company, Inc. to pay the contributions due and owing to the plaintiff Funds for all periods outstanding.

(B) Order defendant Landisville Development Company, Inc. to pay interest on the delinquent contributions at the rate of 11 percent per year as provided by 29 U.S.C. §1132(g).

(C) Order defendant Landisville Development Company, Inc. to pay liquidated damages in the amount of 20 percent as provided by 29 U.S.C. §1132(g).

(D) Order defendant Landisville development Company, Inc. to specifically perform all obligations to the plaintiffs under the Collective Bargaining Agreement.

(E) Order defendant Landisville Development Company, Inc. to pay plaintiffs' counsel reasonable attorneys' fees and costs incurred in the prosecution of this action as provided by 29 U.S.C. §1132(g).

(F) Order such relief as the Court may deem equitable and just.

COUNT TWO

19. Plaintiffs incorporate the allegations of paragraphs 1-18 of the Complaint as though set forth herein in their entirety.

20. On information and belief, defendant Patricia Seidel McKeever is a principal shareholder of defendant Landisville Development Company, Inc.

21. On information and belief, defendant Patricia Seidel McKeever used the defendant Landisville Development Company, Inc. as an alter ego.

22. On information and belief, the defendant Patricia Seidel McKeever's corporation, Landisville Development Company, Inc., did not abide by corporate formalities.

23. On information and belief, defendant Patricia Seidel McKeever misused Landisville Development Company, Inc. to advance her own interests.

24. On information and belief, defendant Patricia Seidel McKeever used Landisville Development Company, Inc. to avoid paying legitimate claims of creditors such as plaintiffs.

25. As a result of the misuse of Landisville Development Company, Inc. the corporate veil of said corporation should be pierced to impose personal liability upon defendant Patricia Seidel McKeever for the amounts owed to plaintiffs.

WHEREFORE, plaintiffs demand judgment against defendant Patricia Seidel McKeever for all contributions owed to plaintiffs together with interest, liquidated damages, costs of suit, reasonable counsel fees and such other and further relief which the court deems equitable and just.

## COUNT THREE

26. Plaintiffs incorporate the allegations in paragraphs 1-25 of this Complaint as though set forth herein in their entirety.

27. On information and belief, Patricia Seidel McKeever is president of Landisville Development Company, Inc.

28. On information and belief, defendant Patricia Seidel McKeever is a fiduciary to the plaintiff Funds as set forth in Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

29. On information and belief, defendant Patricia Seidel McKeever exercised control or authority over assets of the plaintiff Funds.

30. On information and belief, defendant Patricia Seidel McKeever had discretionary control over company assets and used monies to satisfy company debts other than the debt owed to the plaintiff Funds.

31. As a result of the misuse of the plaintiff Funds, defendant Patricia Seidel McKeever breached her fiduciary duty to the plaintiff Funds.

WHEREFORE, plaintiffs demand judgment against defendant Patricia Seidel McKeever for all contributions owed to plaintiffs together with interest, liquidated damages, costs of suit, reasonable counsel fees and such other and further relief which the court deems equitable and just.

## COUNT FOUR

32. Plaintiffs incorporate the allegations of Paragraphs 1 through 31 of this Complaint as if set forth herein in their entirety.

33. Defendant Sambe Construction Co., Inc. was a general contractor which contracted with Defendant Landisville Development Company, Inc. as a sub-contractor to perform certain construction work on the Pine Hill Middle School project located at 1003 Turnerville Road, Pine Hill, NJ. Defendant Landisville Development Company, Inc. failed to remit contributions to plaintiffs on this project.

34. Defendant Sambe Construction Co, Inc. guaranteed that contributions scheduled to be paid to plaintiff Funds on the Pine Hill Middle School project would be remitted in the event

that Defendant Landisville Development Company, Inc. defaulted on benefits payments.

35. Defendant Sambe Construction Co., Inc. has failed to remit contributions to Plaintiff Funds in violation of its express guarantee to do so.

WHEREFORE, plaintiffs demand judgment against defendant Sambe Construction Co., Inc. for all contributions owed to plaintiffs by Landisville Development Company, Inc. on the Pine Hill Middle School project together with interest, liquidated damages, costs of suit, reasonable counsel fees and such other and further relief which the court deems equitable and just.

## COUNT FIVE

36. Plaintiffs incorporate the allegations of Paragraphs 1 through 35 of this Complaint as if set forth herein in their entirety.

37. Defendant E.P. Guidi, Inc. was a general contractor which contracted with Defendant Landisville Development Company, Inc. as a sub-contractor to perform certain construction work on the Promenade at Sagemore project located at Marlton, New Jersey. Defendant Landisville Development Company, Inc. failed to remit contributions to plaintiffs on this project.

38. Defendant E.P. Guidi, Inc. guaranteed that contributions scheduled to be paid to plaintiff Funds on the Promenade at Sagemore project would be remitted in the event that Defendant Landisville Development Company, Inc. defaulted on benefits payments.

39. Defendant E.P. Guidi, Inc. has failed to remit contributions to plaintiff Funds in violation of its express guarantee to do so.

WHEREFORE, plaintiffs demand judgment against defendant E.P. Guidi, Inc. for all contributions owed to plaintiffs by Landisville Development Company, Inc. on the Promenade at Sagemore project together with interest, liquidated damages, costs of suit, reasonable counsel fees and such other and further relief which the court deems equitable and just.

## COUNT SIX

40. Plaintiffs incorporate the allegations of Paragraphs 1 through 39 of this Complaint as if set forth herein in their entirety.

41. On information and belief, defendant Ray Palmieri is a principal shareholder of defendant Landisville Development Company, Inc.

42. On information and belief, defendant Ray Palmieri used the defendant Landisville Development Company, Inc. as an alter ego.

43. On information and belief, the defendant Ray Palmieri's corporation, Landisville Development Company, Inc., did not abide by corporate formalities.

44. On information and belief, defendant Ray Palmieri misused Landisville Development Company, Inc. to advance his own interests.

45. On information and belief, defendant Ray Palmieri used Landisville Development Company, Inc. to avoid paying legitimate claims of creditors such as plaintiffs.

46. As a result of the misuse of Landisville Development Company, Inc. the corporate veil of said corporation should be pierced to impose personal liability upon defendant Ray Palmieri for the amounts owed to plaintiffs.

WHEREFORE, plaintiffs demand judgment against defendant Ray Palmieri for all contributions owed to plaintiffs together with interest, liquidated damages, costs of suit, reasonable counsel fees and such other and further relief which the court deems equitable and just.

## COUNT SEVEN

47. Plaintiffs incorporate the allegations of Paragraphs 1 through 46 of this Complaint as if set forth herein in their entirety.

48. On information and belief, Ray Palmieri is an officer of Landisville Development Company, Inc.

49. On information and belief, defendant Ray Palmieri is a fiduciary to the plaintiff Funds as set forth in Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

50. On information and belief, defendant Ray Palmieri exercised control or authority over assets of the plaintiff Funds.

51. On information and belief, defendant Ray Palmieri had discretionary control over company assets and used monies to satisfy company debts other than the debt owed to the plaintiff Funds.

52. As a result of the misuse of the plaintiff Funds, defendant Ray Palmieri breached his fiduciary duty to the plaintiff Funds.

WHEREFORE, plaintiffs demand judgment against defendant Ray Palmieri for all contributions owed to plaintiffs together with interest, liquidated damages, costs of suit, reasonable counsel fees and such other and further relief which the court deems equitable and just.

**O'BRIEN, BELLAND & BUSHINSKY, LLC**
Attorneys for Plaintiffs

/s/ Mitchell S. Moskovitz
Mark E. Belland, Esquire
Mitchell S. Moskovitz, Esquire

DATED: November 9, 2004